UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                           Case No. 1:96-CR-84-06

v.                                                     HON. ROBERT HOLMES BELL

SAMMY DYER,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Defendant Sammy Dyer has filed a motion for modification or reduction of sentence (ECF No. 797) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The Probation Department filed a sentence modification report on December 30, 2015 (ECF No. 819). In its report, the probation department recommended the defendant is eligible for reduction in sentence based on defendant currently being an inmate. U.S.S.G. § 2D1.1 was used in the guideline calculations, and the guideline range applicable to the defendant subsequently has been

lowered as a result of the retroactive amendment to the Sentencing Guidelines (782). A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission.

At the time of Defendant's sentencing, the Court found an adjusted offense level of 42, a Criminal History Level III, for a Guideline Range of 360 months to Life imprisonment. The Court sentenced Mr. Dyer to 360 months' custody due to his age and the likelihood of continued criminal activity.

The Probation Department's Sentence Modification Report determined Defendant Dyer's amended sentencing guideline computation as follows: Base offense level 34 (at least 4.5 kilograms of cocaine base and 400 pounds of marijuana for a total marijuana equivalency of 16,250.50 kilograms); 2 points for Possession of a Firearm; 2 points for Obstruction of Justice, for a total offense level of 38. A total offense level 38 and a Criminal History Category III results in a guideline sentencing range of 292 to 365 months in prison.

Defendant has filed a response to the Sentence Modification Report (ECF No. 820) arguing that the 4,500 gram cocaine base figure in the Sentence Modification Report is inaccurate. Defense Counsel further argues that "the correctly computed amended base offense level is 32 based on the factual findings adopted by the Court at the original sentencing. Mr. Dyer was held responsible for 1.5 kilograms of crack cocaine and 181 kilograms of marijuana. Under the amended drug guidelines, one gram of cocaine base is equivalent to 3,571 grams of marijuana equivalent; 1.5 kilograms of crack cocaine is thus equivalent to 5,356.5 kilograms of marijuana. With the addition of 181 kilograms of actual marijuana, the final result is 5,537.5 kilograms of marijuana equivalent. Base offense level 32 is appropriate for marijuana quantities between 3,000 and 10,000 kilograms, and thus applies here."

2

The government has also filed a response to the sentence modification report (ECF No. 821), concurring with the probation department's assessment that Defendant is entitled to a reduction of sentence and that his amended guideline range is 292 to 365 months. The government contends that the 4,500 gram cocaine base figure in the Sentence Modification Report is proper. The government objects to Dyer's alternative computation arguing it conflicts with the trial record, the sentencing record, the district court record on prior sentence modification motions, the appellate court record, and the law. The government also argues the mandatory minimum applies in this case, which is 20 years.

The Sixth Circuit has explained the discrepancy in the cocaine base figure. When Defendant was initially sentenced, "a defendant needed only to be responsible for one and one half kilograms of cocaine base in order to be assigned a base offense level of 38." *United States v. Dyer*, 530 F. App'x 504, 504 (6th Cir. 2013). This Court found that Defendant was responsible for "*at least* that amount, using a conservative estimate." *Id.* In response to a similar argument made by Defendant–that this Court should have determined that he was responsible for less than four and one half kilograms of cocaine base–the Sixth Circuit stated:

> Where a sentencing court makes a finding that a defendant was responsible for "at least" a minimum quantity of drugs, it can make a new drug quantity determination when the defendant files a motion for a sentence reduction; the new finding must be supported by competent evidence in the record, including the trial transcript. *United States v. Valentine*, 694 F.3d 665, 670-73 (6th Cir. 2012). . . . [H]ere more than one witness testified to a single incident where Dyer participated in cooking six kilograms of cocaine base—an incident that was part of a conspiracy that lasted for five years. Thus, there was competent evidence to support the court's drug quantity finding in Dyer's first motion to modify his sentence. Having found at that time that Dyer was responsible for at least four and one half kilograms of cocaine base, there was no need for the district court to make a new finding of drug quantity for Dyer's second motion to modify his sentence.

3

*Id.* at 505. Defendant's reply to the government's response (ECF No. 824) does not dispute that this Court may make new quantity findings for purposes of sentence modification motions if such findings are supported by reliable evidence in the record, and defers to this Court's understanding of the record concerning its quantity determination.

The Court, as it has done in the past, finds that "[t]he quantity of drugs attributable to defendant at the time of sentencing exceeded 4,500 grams" (11/4/2011 Order, ECF No. 744) and, thus, agrees with the Guidelines range established in the Sentence Modification Report.

USSG Amendment 782 lowered the base offense levels for most drug quantities in USSG § 2D1.1 and for almost all listed chemical quantities in USSG § 2D1.11.  The Court must determine the new, post-amendment sentencing range based upon a recalculation of the guidelines.  "Pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range." *United States v. Washington,* 584 F.3d 693, 701 (6th Cir. 2009), *cert. denied,* 130 S.Ct. 3479 (2010).  "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."  USSG § 1B1.10(b)(2)(A).

Sentencing modifications under 18 U.S.C. § 3582(c)(2) are not a matter of right; they are a matter of discretion.  *See United States v. Hasan,* 245 F.3d 682, 685 (8th Cir. 2001) (en banc); *United States v. Johnson,* 564 F.3d 419, 421 (6th Cir. 2009) ("[A] district court has the discretion to reduce a sentence based upon a change in the Sentencing Guidelines").

Defendant indicates he has paid off his $6,780 fine, has revamped his belief system and criminal way of thinking.  He has only received one disciplinary infraction since his incarceration (for possessing too many postage stamps).  He indicates his spiritual development has been the

foundation for his transformation. He has completed many Bible correspondence courses. He has completed his GED, has taken over 4,500 hours in auto body repair courses, and is learning mechanic skills and works in the garage. He has taken courses in parenting, anger management, creative problem solving, keyboarding, theology, law, music and health. He has addressed his drug use in AA and NA. He is a low security inmate and is housed at a minimum security satellite camp. Defense counsel argues that Mr. Dyer has been in prison for two decades and has exhausted most of the vocational opportunities available to him.

This Court finds Defendant Dyer is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 797) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**. Defendant Sammy Dyer's sentence shall be reduced to **292 months**. An order effectuating the sentence reduction shall issue forthwith.


Dated: May 4, 2016                              /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE